ALBERT SMITH, Respondent, *v.* ROBERT PATON, Appellant.

Where there was no usurious agreement, the question whether there was a usurious intent is immaterial.

A judgment will not be reversed for the admission of evidence which was needless, when it is clear that it was also harmless.

*George W. Stevens,* for the appellant.

*Gilbert Dean,* for the respondent.

PORTER, J.   THE action was on a note made by the appellant, and sold by the payees to the respondent.   The defense was, that the note was made for the accommodation of the payees, and that it was discounted for them by the plaintiff at a usurious rate of interest.   These allegations the defendant failed to establish by satisfactory proof.   The referee found neither the fact of usury, nor facts from which it can legally be inferred; and the plaintiff was therefore plainly entitled to judgment.

The proof given on the trial, that the plaintiff did not intend to violate the statute, was alike needless and harmless; and the exception is therefore unavailing.   The transaction was simply a purchase of business paper, and as there was no actual violation of the usury laws, the presence or absence of an intention to violate them was entirely immaterial.

The judgment of the Superior Court should be affirmed with costs.

Judgment affirmed.